UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| KATHLEEN DOUGLAS, | CASE NO. C18-1215JLR |
|---|---|
| Plaintiff, | ORDER DENYING MOTION TO CONTINUE TRIAL |
| v. | |
| EMPLOYBRIDGE, LLC, et al., | |
| Defendants. | |

Before the court is the parties' stipulated motion to modify the court's scheduling order. (Stip. Mot. (Dkt. # 13).) For the reasons stated below, the court DENIES the motion.

Plaintiff initiated this action on August 17, 2018. (Compl. (Dkt. # 1).) On November 27, 2018, the court scheduled the case for trial on February 24, 2020. (*See* Sched. Order (Dkt. # 8) at 1.)

The parties jointly request "a ninety (90) day continuance of the trial date and all unexpired pretrial deadlines in this matter." (Stip. Mot. at 1.) The parties represent that

ORDER - 1

good cause exists to grant their request because the parties are exploring settlement options and would like to avoid the expense of litigation while settlement discussions are ongoing. (*See id.* at 1-2.)

Absent a showing of good cause, the court does not grant "short" trial continuances. *See* Fed. R. Civ. P. 16(b)(4); (Sched. Order at 2 ("The court will alter these dates only upon good cause shown . . . .").) Here, the parties' only support for their claim that good cause exists is their stated desire for additional time to engage in settlement negotiations and a mediation. (*See* Stip. Mot. at 1-2.) The parties offer no explanation as to why they are not able to complete these negotiations under the current case schedule. (*See generally id.*) Thus, the court finds that the parties have not shown good cause. *See, e.g., Rybski v. Home Depot USA, Inc.*, No. CV-12-751-PHX-LOA, 2012 WL 5416586, at *2 (D. Ariz. Oct. 17, 2012) ("The parties' settlement negotiations or mediation do not constitute good cause to continue the Rule 16 deadlines."). The court has a full trial calendar and will not imperil the trial dates of other parties. Accordingly, the court DENIES the parties' stipulated motion. (Dkt. # 13.)

Nevertheless, the court will consider moving the parties' trial date to the end of the court's trial calendar. If the parties wish to seek this relief, they should file a new stipulated motion to that effect. The parties should be aware that the court is presently scheduling trials in February 2021. If the court moves this matter to the end of its trial calendar, the court will also issue a new scheduling order with respect to all remaining

//

//

pretrial deadlines. If the parties agree on this alternative, they should so inform the court within seven (7) days of the date of this order.

Dated this 27th day of September, 2019.

JAMES L. ROBART
United States District Judge