UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KATHLEEN DOUGLAS,<br><br>                Plaintiff,<br>v.<br><br>EMPLOYBRIDGE, LLC, et al.,<br><br>                Defendants. | CASE NO. C18-1215JLR<br><br>ORDER DENYING MOTION TO CONTINUE TRIAL |

Before the court is the parties' stipulated motion to modify the court's scheduling order. (9/30/19 Stip. Mot. (Dkt. # 15).) For the second time in four days, the parties jointly request "a ninety (90) day continuance of the trial date and all unexpired pretrial deadlines in this matter." (*Id.* at 1.) In support of that request, the parties assert, as they did in their last stipulated motion, that they need a continuance so that they can meaningfully engage in settlement negotiations. (*See id.* at 2; 9/27/19 Stip. Mot. (Dkt. # 13) at 1-2.)

//

ORDER - 1

1       Absent a showing of good cause, the court does not grant "short" trial

2 continuances. Fed. R. Civ. P. 16(b)(4); (Sched. Order (Dkt. # 8) at 2 ("The court will

3 alter these dates only upon good cause shown . . . .").) It is well established that

4 upcoming settlement negotiations do not constitute good cause to modify a scheduling

5 order. *See, e.g., Gerawan Farming, Inc. v. Rehrig Pac. Co.*, No. 1:11-cv-01273 LJO

6 BAM, 2013 WL 1164941, at *4 (E.D. Cal. Mar. 20, 2013) ("[A]s a legal matter,

7 settlement discussions do not, in [and] of themselves, arise to good cause for modifying a

8 scheduling order."); *Rybski v. Home Depot USA, Inc.*, No. CV-12-751-PHX-LOA, 2012

9 WL 5416586, at *2 (D. Ariz. Oct. 17, 2012) ("The parties' settlement negotiations or

10 mediation do not constitute good cause to continue the Rule 16 deadlines."). Thus, the

11 parties have not shown good cause to continue the case schedule. As such, the court

12 DENIES the parties' stipulated motion (Dkt. # 15).

13       As the court noted in its last order, if the parties do not want to keep the current

14 case schedule, the court will consider moving the parties' trial date to the end of the

15 court's trial calendar. (*See* 9/27/19 Order (Dkt. # 14) at 2.) Maintaining the current trial

16 date or moving to the end of the court's trial calendar are the only two options. The court

17 will not imperil the trial dates of other parties on the court's calendar by granting the

18 parties a 90-day extension to engage in settlement negotiations. If the parties wish to

19 move to the end of the trial calendar, they should file a new stipulated motion to that

20 effect within seven (7) days of the date of this order. The parties should be aware that the

21 court is presently scheduling trials in February 2021. If the court moves this matter to the

22 //

end of its trial calendar, the court will also issue a new scheduling order with respect to all remaining pretrial deadlines.

Dated this 1st day of October, 2019.

JAMES L. ROBART
United States District Judge

ORDER - 3